Shute *v.* Sturm.

## SHUTE & CO. *v.* STURM.

CHANCERY PRACTICE. *Fraud. Value of professional services. When reference proper to ascertain.* A bill alleged fraud in the transfer of a note by one defendant to another. The proof failed to show the degree of fraud charged, but it appeared that the consideration for the transfer—indebtedness for professional services—was overestimated by the parties charged with the fraud, and being a matter susceptible of accurate account, it was properly referred to the Master to ascertain the value of the services rendered.

FROM ———.

From the Chancery Court at ————.

No record found.

SNEED, J., delivered the opinion of the Court.

The fraud charged in the bill in regard to the transfer of the note to defendant Gratz is very positively denied in the answers of all the defendants. The only positive proof upon the subject tends to establish the *bona fides* of the transaction, while there is a combination of circumstances so curious as to render the solution of the question of fraud one of much difficulty.

Upon a careful review of the whole case, however, we have arrived at the conclusion of the Chancellor, that the proofs fail to make out the degree of fraud charged in the bill. But the conclusion is irresistible

Shute *v.* Sturm.

that the consideration sought to be proven for the transfer of the note has been over-estimated. We cannot say upon the proof that Sturm owes Gratz nothing. How much this indebtedness may be is a matter susceptible of accurate account upon the testimony of lawyers as to the value of professional services. If it should not be enough to absorb the note in question, the creditors should be entitled to the balance. If it turns out to be nothing, as argued by the complainant's counsel, then the creditors would be entitled to the whole. We cannot say, however, under the facts, that Sturm and Gratz do not honestly believe that the relation of debtor and creditor does exist between them. Whether they have magnified such indebtedness may be ascertained by the account which, in such a case, was very properly ordered by the Chancellor.

The Chancellor's decree is in all respects affirmed, and the cause remanded for further proceedings under said decree.